IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       2:13cr67-MHT
                            )           (WO)
TARRISH TELLIS              )
```

ORDER

It is ORDERED that defendant Tarrish Tellis's motion for a sentence reduction pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 320) is denied for the reasons set forth below.

Tellis seeks relief under 18 U.S.C. 3582(c)(1)(A), which provides, as relevant here:

> "The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

> whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> > ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A) (italics added).

Tellis filed his motion in December of 2021, asserting that his medical conditions of hypertension and family history of heart disease, combined with the COVID-19 pandemic and the difficulty of protecting himself from the disease in the open-dormitory-style prison where he was being held, constituted extraordinary and compelling reasons warranting a reduction of his 223-month sentence for one count of conspiracy to defraud the United States, 11 counts of

2

theft of public money, and five counts of aggravated identity theft.

At the time he filed his motion, the applicable United States Sentencing Guidelines policy statement provided that "the only medical conditions that rise to the level of extraordinary and compelling are as follows: if the medical condition (i) is a terminal illness or (ii) 'substantially diminishes the ability of the defendant to provide self-care within' prison." *United States v. Giron,* 15 F.4th 1343, 1346 (11th Cir. 2021) (quoting U.S.S.G. § 1B1.13 cmt. n.1(A) (2021 ed.)). Tellis failed to meet this standard. He presented no evidence that he suffered from a terminal illness, and although he submitted evidence that he suffered from hypertension, Tellis did not present any evidence that his hypertension was particularly serious. Moreover, he noted in his motion that he has been vaccinated and boosted for COVID-19, and he submitted proof of vaccination. Particularly in light of his vaccination status, the court could not find

that Tellis's hypertension was so severe that it substantially diminished his ability to provide self-care in the prison environment.

Of course, the United States Sentencing Guidelines provision covering motions for compassionate release, § 1B1.13, has been amended since Tellis filed his motion, so the court has considered whether the evidence in the record is sufficient to show extraordinary and compelling circumstances under the revised guidelines. However, even under the revised guidelines, Tellis's medical circumstances are not serious enough to constitute extraordinary and compelling reasons justifying a sentence reduction. Moreover, the 18 U.S.C. § 3553(a) factors do not weigh in favor of a reduction on the current record.

DONE, this the 27th day of December, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE