IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CR-67-RAH |
| | ) | |
| TARRISH TELLIS | ) | |

## **ORDER**

Pending before the Court is Defendant's Pro Se Motion to Reduce Sentence Pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(B). (Doc. 359.) On May 6, 2024, the Government filed a response. (Doc. 366.)

Tellis requests a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) based on Section 404 of the First Step Act and Rule 35 of the Federal Rules of Criminal Procedure. (Doc. 359.) A Court has no inherent ability to reduce a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002). Instead, 18 U.S.C. § 3582(c)(1)(B) permits this Court to modify "an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." The freestanding provision—expressly permitted by statute—relates to a situation in which "the defendant is incarcerated pursuant to a 'plainly illegal sentence.'" *Diaz-Clark*, 292 F.3d at 1316 (citing Fed. R. Crim. P. 35, advisory notes). A defendant may only rely on this provision through a specific statute, such as the habeas provisions of 28 U.S.C. § 2255 or the crack cocaine provisions of the First Step Act. *Id.*; *United States v. McCoy*, 88 F.4th 908, 912 (11th Cir. 2023).

Defendant Tellis points to no statutory provision that provides an avenue for relief. His § 2255 petition was denied on January 4, 2022, (Case No. 2:18-cv-961, Doc. 27), and he has not sought, nor has he received, permission from the Eleventh Circuit to file a second or successive petition.  Further, although Defendant Tellis requests relief based on Section 404 of the First Step Act, (Doc. 359 at 1), section 404 applies to offenses related to crack cocaine.  On April 15, 2015, the Court adjudicated Defendant Tellis guilty of one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, eleven counts of theft of public money in violation of 18 U.S.C. § 641 and 642, and five counts of aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1), (c)(1) and (2).  (Doc. 246 at 1-2.) Defendant Tellis was neither charged with, nor convicted of, any covered offenses related to crack cocaine. *See McCoy*, 88 F. 4th at 912 (quoting *United States v. Clowers*, 62 F. 4th 1377, 1380 (11th Cir. 2023) ("A movant has a covered offense if he was 'sentenced before the effective date of the Fair Sentence Act for an offense that includes as an element the quantity of crack cocaine described in § 841(b)(1)(B)(iii).'")). Section 404 therefore does not apply to Defendant Tellis.  *See United States v. Mathews*, 837 F. App'x 701, 704 (11th Cir. 2020) ("Mathews's offenses are not covered offenses for purposes of section 404, as he was not convicted of a crack-cocaine offense. Thus section 404 does not apply to Mathews.").

Federal Rule of Criminal Procedure 35 is also inapplicable. Rule 35 provides two circumstances in which a defendant may receive sentencing relief. The first allows for correction of an erroneous sentence within 14 days of sentencing. Fed. R. Crim. P. 35(a). More than 14 days have passed since Tellis's sentencing on April 16, 2015, and therefore

2

that circumstance is not presented here. (Doc. 246.) Rule 35(b) permits a reduction in sentence upon motion of the government when a defendant provides substantial assistance. The government has not filed, and represents that it does not intend to file, a motion for substantial assistance credit for Tellis, and therefore that circumstance is not present here.

Accordingly, it is

ORDERED that the Motion to Reduce Sentence Pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(B), (Doc. 359), is DENIED.

DONE, on this the 9th day of May 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE